UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS RUDELL GREGORY,<br><br>Plaintiff,<br><br>v.<br><br>MARK SEVIER, et al.,<br><br>Defendants. | CAUSE NO.: 3:18-CV-633-JD-MGG |

OPINION AND ORDER

Marcus Rudell Gregory, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Since the commencement of this lawsuit, Gregory has filed two motions to amend the complaint. In accordance with Fed. R. Civ. P. 15(a)(1), the court grants the most recently filed motion to amend (ECF 13) and will screen the attached amended complaint.

In the amended complaint, Gregory alleges that, at the Westville Correctional Facility, he was prevented from bringing his bible with him to Christian religious services from July 8, 2018, to August 5, 2018. On July 8, 2018, Officer Wilson told

Gregory that he needed to return his bible to his dormitory to attend religious services. On July 15, 2018, Lieutenant Darinksi prevented Gregory from taking his bible to the chapel and stated, "Stop putting drugs in your bibles." When Gregory attempted to grieve this issue, his case manager refused to provide him with a grievance form. He seeks money damages and an order directing correctional staff to not interfere with his religious practices and to comply with the grievance policy.

Gregory asserts that Officer Wilson and Lieutenant Darinski violated his rights under the Free Exercise Clause of the First Amendment by preventing him from bringing his bible to Christian religious services. "[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532, (1993). "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987) *Kaufman v. McCaughtry*, 419 F.3d 678, 682 (7th Cir. 2005). The complaint states a plausible First Amendment claim against Officer Wilson and Lieutenant Darinksi.

Gregory also asserts an injunctive relief claim for an order directing correctional staff at the Westville Correctional Facility to allow him to take his bible to Christian religious services. The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental actors from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 135 S. Ct. 853 (2015). A restriction imposes a substantial burden on an inmate's religious practice when it "seriously violates or contradicts an inmate's religious beliefs." *West v. Grams*, 607 F. App'x 561, 567 (7th Cir. 2015). Money damages and injunctive relief are available under Section 1983, but only injunctive relief is available under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Gregory adequately states a claim for injunctive relief against Warden Mark Sevier in his official capacity.

Though Gregory lists Sergeant Shouse as a defendant, this defendant is mentioned nowhere else in the complaint. Additionally, Gregory asserts that correctional staff mishandled his grievances. However, "the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Therefore, Gregory cannot proceed against Sergeant Shouse, nor can he proceed on the grievance allegations.

As a final matter, Gregory filed a motion for default judgment, arguing that the defendants failed to file a timely response to his complaint as required by Fed. R. Civ. P. 12(a). This motion is premature because the defendants have not been served nor have they waived service. Therefore, the motion for default judgment is denied.

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 13);

(2) DENIES the motion for default judgment (ECF 12) and the motion to amend (ECF 14);

(3) GRANTS Marcus Rudell Gregory leave to proceed on a claim against Officer Wilson and Lieutenant Darinksi for money damages for violating his rights under the Free Exercise Clause by preventing him from taking a bible to religious services;

(4) GRANTS Marcus Rudell Gregory leave to proceed on a claim for injunctive relief against Mark Sevier in his official capacity to allow him to take a bible to religious services to the extent required by the Religious Land Use and Institutionalized Persons Act;

(5) DISMISSES Sergeant Shouse;

(6) DISMISSES all other claims;

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Wilson, Lieutenant Darinski, and Mark Sevier at the Indiana Department of Correction with a copy of this order and the complaint (ECF 13-1) as required by 28 U.S.C. § 1915(d); and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Wilson, Lieutenant Darinski, and Mark Sevier to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Marcus Rudell Gregory has been granted leave to proceed in this screening order.

SO ORDERED on October 17, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT