UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS RUDELL GREGORY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-633-JD-MGG |
| MARK SEVIER, et al., | |
| Defendants. | |

OPINION AND ORDER

Marcus Rudell Gregory, a prisoner without a lawyer, proceeds on First Amendment claims against Officer Wilson and Lieutenant Darenksi for money damages for violating his rights under the Free Exercise Clause by preventing him from taking his bible to religious services. He further proceeds on a claim for injunctive relief against Mark Sevier in his official capacity as Warden of the Westville Correctional Facility. The parties have filed cross-motions for summary judgment, which remain pending. The defendants argue that they are entitled to summary judgment because briefly prohibiting inmates from bringing their bibles to the auditorium did not impose a substantial burden on Gregory's religious exercise. Gregory responds that the defendants' conduct was a substantial burden on his religious beliefs because, at that time, he needed to be able to engage fully during religious services in order to cope with the death of his cousin.

FACTS

In the complaint, Gregory alleged that, at the Westville Correctional Facility, he was prevented from bringing his bible with him to the chapel for religious services from July 8, 2018, to August 5, 2018. ECF 2. On July 8, 2018, Officer Wilson told Gregory that he needed to return his bible to his dormitory to attend religious services. On July 15, 2018, Lieutenant Darenksi prevented Gregory from taking his bible to the chapel and stated, "Stop putting drugs in your bibles."

At his deposition, Gregory testified that he was allowed to keep his bible in his cell and that he frequently discussed his faith with other inmates who attended religious services. ECF 93 at 11-15, 41-42. On July 22 and July 29, neither Officer Wilson nor Lieutenant Darenski were present, but Gregory did not attempt to bring his bible to the chapel or ask any correctional officers. *Id.* at 19-21. As a result of this deprivation, Gregory was unable to participate fully in religious services, was unable to grieve the death of his cousin due to his frustration, and suffered panic attacks. *Id.* at 36-41. On August 5, he asked a correctional officer if he could bring his bible to the chapel. *Id.* at 22-23. After consulting another officer, the correctional officer agreed. *Id.* Gregory was allowed to bring his bible to the chapel for the rest of his time at the Westville Correctional Facility.[1] *Id.*

In support of their motion for summary judgment, Officer Wilson and Lieutenant Darenksi attest that they instructed inmates that they could not bring personal property,

---

[1] On December 27, 2019, Gregory filed a notice of a change of address indicating that he has been released from the physical custody of the Indiana Department of Correction. ECF 90.

2

including bibles, to the auditorium[2] for a short time during the summer of 2018. ECF 79-3, ECF 79-4. They issued these instructions due to a concern that inmates were trafficking contraband. *Id.* However, they do not recall specifically interacting with Gregory. *Id.*

STANDARD OF REVIEW

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

DISCUSSION

Gregory asserts a claim against Officer Wilson and Lieutenant Darenksi for money damages for violating his rights under the Free Exercise Clause by preventing him from taking his bible to religious services. "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the

---

[2] While it is somewhat unclear from the record, it appears that the chapel referenced by Gregory and the auditorium referenced by the defendants are the same physical location.

3

legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

> At a minimum, a substantial burden exists when the government compels a religious person to perform acts undeniably at odds with fundamental tenets of his religious beliefs. But a burden on religious exercise also arises when the government puts substantial pressure on an adherent to modify his behavior and to violate his beliefs. Construing the parallel provision in RLUIPA, we have held that a law, regulation, or other governmental command substantially burdens religious exercise if it bears direct, primary, and fundamental responsibility for rendering a religious exercise effectively impracticable.
>
> * * *
>
> The substantial-burden test under RFRA focuses primarily on the intensity of the coercion applied by the government to act contrary to religious beliefs. Put another way, the substantial-burden inquiry evaluates the coercive effect of the governmental pressure on the adherent's religious practice and steers well clear of deciding religious questions.

*Korte v. Sebelius*, 735 F.3d 654, 682–83 (7th Cir. 2013). In other words, "a burden must be more than a mere inconvenience to rise to the level of a constitutional injury; it must place significant pressure . . . to forego religious precepts or to engage in religious conduct." *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 999 (7th Cir. 2006).

The court has considered the following cases in assessing whether Officer Wilson and Lieutenant Darenski imposed a substantial burden on Gregory's religious practices.

> In *Thomas v. Review Bd. of Indiana Employment Sec. Div.*, 450 U.S. 707 (1981), an employee resigned from a factory job because his religious beliefs would not allow him to participate in the manufacturing weapon. The State denied the employee's application for unemployment benefits, finding that he had not shown good cause for resigning. The Supreme Court of the United States found that the State decision imposed a substantial burden on the employee's religious belief because the denial of unemployment benefits placed substantial financial pressure on the employee to change his behavior and to violate his beliefs.

4

In *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 999 (7th Cir. 2006), a municipality imposed conditions on a church regarding future land development, use of an outdoor area, and on the number of activities that could be held at the location on each Sunday and during each week. The court found that these conditions did not impose a substantial burden because they were mere inconveniences that did not pressure the congregation to forego religious principles or to adopt new ones.

In *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003) (*CLUB*), a city had zoning ordinances that allowed landowners to establish churches in one type of zone (R zones) but prevented landowners from establishing churches in other types of zones without prior approval. The church complained that the scarcity of affordable land in R zones, and the costs, procedural requirements, and political nature of the approval process for other zones imposed a substantial burden on their religious beliefs. The court disagreed, reasoning that, although these ordinances may have made establishing a church more difficult, they did not make it impracticable to use property in the city for religious exercise and did not discourage churches from locating within the city.

In *Korte v. Sebelius*, 735 F.3d 654, 683 (7th Cir. 2013), the federal government imposed a regulatory scheme that required employers to pay $36,500 per year per employee if they did not provide their employees with insurance coverage for certain contraceptives. Two employers objected to this regulatory scheme on the basis that they considered some of these contraceptives to be abortifacients; that providing their employees with access to these contraceptives was contrary to their religious beliefs; and that failure to comply with mandate would have resulted in ruinous financial penalties. The court found that the contraceptive mandate constituted a substantial burden because it "placed enormous pressure on the plaintiffs to violate their religious beliefs and conform to its regulatory mandate."

While it is clear that Gregory would have preferred to bring his bible to the chapel and that he believes that this would have enhanced his ability to grieve the loss of a family member, the record contains no indication that the defendants' actions placed significant pressure on him to violate his religious beliefs or to adopt new ones. Nor did the actions of Officer Wilson and Lieutenant Darenski render religious exercise

5

impracticable for Gregory. Rather, Gregory remained able to attend religious services, engage in fellowship with other adherent inmates, and access his bible in his cell, and the defendants each prevented Gregory from bringing his bible to the chapel on only a single occasion. Gregory's frustration is understandable, but the defendants' conduct more closely resembles the inconvenience of the land use regulations and approval processes in *Vision Church* and *CLUB* than the harsh financial consequences imposed in *Thomas* and *Korte*. Consequently, the court finds that Officer Wilson and Lieutenant Darenski did not impose a substantial burden on Gregory's religious beliefs. Therefore, with respect to the claim against Officer Wilson and Lieutenant Darenksi, the court grants the defendants' motion for summary judgment and denies Gregory's motion for summary judgment.

The defendants also seek summary judgment on Gregory's claim for injunctive relief against the Warden of the Westville Correctional Facility on the basis that it is moot. The record demonstrates that, after July 29, 2018, correctional staff did not further prevent Gregory from bringing his bible to chapel. Further, the electronic docket indicates that Gregory no longer resides at that facility and is no longer in the physical custody of the Indiana Department of Correction. ECF 90, ECF 91. Therefore, the court finds that his claim for injunctive relief is moot. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Consequently, the court grants the defendants' motion for summary judgment and denies Gregory's motion for summary judgment on the claim for injunctive relief. As a result, no claims remain in this case.

For these reasons, the court:

(1) DENIES the plaintiff's motion for summary judgment (ECF 56);

(2) GRANTS the defendants' motion for summary judgment (ECF 78); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and to close this case.

SO ORDERED on February 11, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT